688 A.2d 709

**Richard E. NAIDS and Arleen Naids, Appellees,**

**v.**

**BONNIE SUGARMAN, IND., t/a Happy Hookery Inc., and/or Bernard Farrell Interiors.**

**Appeal of: HAPPY HOOKERY INC., and/or Bernard Farrell Interiors.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1996.

Filed Dec. 20, 1996.

Reargument Denied Feb. 28, 1997.

Anthony B. Quinn, Philadelphia, for appellant.

Morton Slifkin, Philadelphia, for appellees.

Before CIRILLO, President Judge Emeritus, and DEL SOLE and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

In September, 1994, appellees, Richard E. Naids and Arleen Naids, ordered a custom built wall unit. They were unsatisfied with the completed unit, however, and consequently, on August 29, 1995, brought a breach of contract claim before Bucks County District Justice Susan E. McEwen. On their complaint, appellees named "Bonnie Sugarman, Ind., t/a Happy Hookery, Inc. and/or Bernard Farrell Interiors" as defendants in this suit. On September 6, 1995, a copy of the complaint was served upon Bonnie Sugarman. Copies of the complaint were not, however, separately served upon Happy Hookery, Inc. and Bernard Farrell Interiors. Following a

hearing, District Justice McEwen entered judgment in favor of appellees and against appellants, Happy Hookery, Inc. and Bernard Farrell Interiors, on December 18, 1995, in the amount of $7,386.60.[1]

On December 21, 1995, appellants filed a praecipe for a writ of certiorari in the Court of Common Pleas of Bucks County pursuant to Pa.R.C.P.D.J. No. 1009 claiming that the judgment should be set aside because the District Justice lacked personal jurisdiction over them. The trial court found that the District Justice had personal jurisdiction over appellants and thus dismissed the writ by order dated March 22, 1996. *See* Pa.R.C.P.D.J. No. 1014B. The instant appeal followed.

The sole question presented to us is whether, pursuant to Pa.R.C.P.D.J. No. 310, appellees' failure to serve Happy Hookery, Inc. and Bernard Farrell Interiors separately from Bonnie Sugarman divested the District Justice of personal jurisdiction over these two entities. We find that appellants have waived their right to challenge any such defect in service.

Under Pa.R.C.P.D.J. No. 314, "[t]he appearance of a defendant in person or by representative or the filing by him of a claim in the case shall be deemed waiver of any defect in service...." Initially, we note that Anthony Bernard Quinn, Esquire was defense counsel in the proceedings before the District Justice and is also counsel for appellants in the instant matter. Upon the filing of the complaint by appellees, Attorney Quinn commenced a compulsory counterclaim in the Court of Common Pleas of Philadelphia County.[2] Attorney Quinn named, as plaintiffs in this counterclaim, "Happy Hookery Inc., t/a Bernard Farrell Interiors" and advised the District Justice of his action. It is clear from this procedural history that Attorney Quinn represented the interests of appellants in

1. Judgment was not rendered against Bonnie Sugarman individually.

2. Proceedings were commenced in the Court of Common Pleas of Philadelphia County since the amount of the counterclaim exceeded the jurisdictional limits of the District Justice. Neither the record nor the briefs presented to this Court indicate the outcome of such proceedings.

the proceedings before the District Justice.[3] Therefore, in light of Pa.R.C.P.D.J. No. 314, appellants' claim cannot prevail.

Order affirmed.

**3.** Additionally, when Attorney Quinn entered his appearance (dated December 21, 1995) for appellants in the instant matter challenging the jurisdiction of the District Justice, he named appellants by the exact same designation that they had been named in appellees' complaint. Clearly, this further evidences Attorney Quinn's understanding that he was representing appellants before the District Justice.